## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**WILLIAM  E. WILLMAN, et al.**                                                    **PLAINTIFFS**

**VS.**                                        **4:07CV00488-WRW**


**RICELAND FOODS, INC.; BAYER A.G.;**
**BAYER CROPSCIENCE; and**
**BAYER CROPSCIENCE ARKANSAS LP**                                  **DEFENDANTS**

### ORDER

Pending is Plaintiffs' Motion to Remand.[1]  Separate Defendant Bayer CropScience LP ("Bayer") responded.[2]

This is an action for property and economic loss caused by alleged negligence of all Defendants and fraud on the part of separate Defendant Riceland Foods, Inc. ("Riceland").

Bayer removed[3] this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332, and alleged that Riceland is an improper defendant.  Riceland did not join in the removal.[4]

Plaintiffs seek remand of this action under 28 U.S.C. § 1447(c) because complete diversity of citizenship does not exist.  Plaintiffs also request costs and attorney fees related to removal of this action.

**I.  Background**

---

[1]Doc. No. 7.

[2]Doc. No. 13.

[3]Doc. No. 1.

[4]*Draper v. Castle Home Sales, Inc.*, 711 F. Supp. 1501, 1503 (E.D. Ark. 1989) (holding that improperly joined defendants are not required to join in removal petition).

1

Plaintiffs own and operate rice farms in Lonoke County, Arkansas, and are members of Riceland's cooperative.  Riceland is an Arkansas corporation with its principal place of business in Stuttgart, Arkansas.  The Bayer Defendants include a limited partnership, whose general and limited partners are citizens of other states, and corporations organized under the laws of the Federal Republic of Germany.

Plaintiffs allege that:  (1) Bayer was negligent for allowing an experimental rice -- LLRICE 601 ("601 rice") -- to escape into the nation's general rice supply; and (2) Riceland was negligent and deceitful for failing to disclose to members of its cooperative what it knew about 601 rice contamination.

## II. Authority

### A.  Removal

Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000, exclusive of interest and costs.[5]  The party claiming federal jurisdiction has the burden of proof.[6]

Removal jurisdiction is completely statutory, and must be narrowly construed because jurisdictional statutes should not be applied in a manner that is broader than their language will allow.[7]  Put another way, there is a strong presumption in favor of remand.[8]  Because of this

---

[5]28 U.S.C. §§ 1332 and 1441.

[6]*Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 815 (8th Cir. 2006).

[7]*Bauer v. Transitional School District of City of St. Louis*, 255 F.3d 478, 481 (8th Cir. 2001) (citing *In re County Collector*, 96 F.3d 890, 895 (7th Cir. 1996)); see also *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971).

[8]*In re Business Men's Assurance Company of America*, 992 F.2d 181, 183 (8th Cir. 1993).

presumption, the merits of a plaintiff's claim cannot be determined on motion to remand,[9] and a district court has no responsibility to settle an ambiguous question of state law.[10]

### B. Fraudulent Joinder

The right to removal of a diversity case cannot be defeated by a fraudulent joinder of a resident defendant.[11]  A district court's decision that a party was or was not fraudulently joined is reviewed de novo.[12]

Where fraudulent joinder is alleged, the case will be remanded to state court if there is a reasonable basis for concluding that state law *might* impose liability based upon the facts.[13] When applying this test, a district court is required to resolve all factual doubts in favor of remand.[14]  In other words, the relevant inquiry focuses on whether a plaintiff might have an actionable claim against an in-state defendant.[15]  A joinder is fraudulent when there exists *no reasonable basis* in fact and law supporting a claim against the resident defendants.[16]

### III. Discussion

---

[9]*Rosecrans v. William S. Lozier, Inc*., 142 F.2d 118 (8th Cir. 1944).

[10]*Fields v. Pool Offshore, Inc*., 182 F.3d 353, 357 (5th Cir. 1999) (holding that a district court should resolve all facts and ambiguities from the controlling substantive law in the plaintiff's favor).

[11]*Simpson v. Thomure*, 484 F.3d 1081, 1084 (8th Cir. 2007) (citing *Wilson v. Republic Iron & Steel Co*., 257 U.S. 92, 97 (1921)).

[12]*Menz v. New Holland N. Am., Inc*., 440 F.3d 1002, 1004 (8th Cir. 2006).

[13]*Filla v. Norfolk S. Ry.*, 336 F.3d 806, 811 (8th Cir. 2003) (emphasis added).

[14]*Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); see also *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

[15]*Menz*, 440 F.3d at 1005.

[16]*Id*. at 1004 (citations omitted) (emphasis added).

Plaintiffs are members of Riceland Foods, Inc., which is a farmer-owned cooperative designed to provide milling and  marketing services to Arkansas farmers.  Plaintiffs allege that, in January and May 2006, Riceland was aware that its rice tested positive for 601 rice contamination, but did not inform its cooperative members or the public about this fact until August 2006.

Plaintiffs also allege:  (1) Riceland knew that 601 rice contamination would depress the export market price of American-grown long-grain rice; (2) Riceland knew that the majority of American-grown long-grain rice is produced in Arkansas; (3) the presence of 601 rice contamination was a significant fact that should have been disclosed to Plaintiffs; (4) if it was known that the rice had tested positive for 601 rice contamination, Arkansas farmers would not have invested in planting long-grain rice in Spring 2006; (5) Riceland has a fiduciary duty to the members of its cooperative; (6) Riceland had a duty to disclose 601 rice contamination to Arkansas farmers in general, and cooperative members in particular; and (7) as a result of the negligent and fraudulent failure to disclose material facts, Plaintiffs suffered economic losses exceeding $75,000.

Bayer argues that Riceland is fraudulently joined because, based upon the law and facts, Riceland did not have a duty to disclose.  Bayer maintains that there was no duty because: (1) Riceland has no relationship with Arkansas farmers; (2) Riceland's duties under the cooperative agreement concern milling and marketing, not providing crop information; (3) there are facts showing that Riceland had no specific knowledge of 601 rice contamination before July 31, 2006.   Finally, Bayer argues that Plaintiffs cannot recover under a tort theory for economic loss only.

4

For reasons explained below, the arguments and evidence presented by Bayer do not overcome the presumption in favor of remand, because there is a reasonable basis to conclude that Plaintiffs might recover against Riceland.

## A.  Riceland's Duty

Riceland is an incorporated farm cooperative and Plaintiffs are its members.  In Arkansas, the general rules of corporate law apply to farm cooperatives.[17]  A fiduciary relationship is created within corporations, and corporate officers and directors are held to a particularly high standard.[18]

The Eighth Circuit Court of Appeals applied corporate fiduciary duties in a case involving two farm cooperatives, and described those duties as follows:

> the standard of duty by which the conduct of a director of a corporation is to be judged should be that measure of attention, care, and ability which the ordinary director and officer of corporations of a similar kind would be reasonably and properly expected to bestow upon the affairs of the corporation.[19]

The Court of Appeals also explained that directors and officers are liable to the stockholders for losses resulting from their malfeasance, misfeasance, or their failure to

---

[17]*Stuttgart Co-op. Buyers Association v. Louisiana Oil*, 109 S.W. 2d 682, 686 (Ark. 1937).

[18]*Hall v. Staha*, 858 S.W.2d 672, 678 (Ark. 1993).

[19]*Great Rivers Co-op of Southeastern Iowa v. Farmland*, 198 F.3d 685, 702 (8th Cir. 1999).

discharge the duties imposed by their offices.[20]  When considering corporate fiduciary duty,  the

Arkansas Supreme Court imposed a *duty to disclose* on corporate officers.[21]

The question of whether a fiduciary or confidential relationship existed between

Plaintiffs and Riceland is a question of fact for a jury to decide.[22]  In fine, the question of

Riceland's legal duty is an ambiguous question of law and fact.  To determine whether to

remand, I am not obliged to decide such issues.

Because Riceland may be found to have breached a fiduciary duty to members of its

cooperative, it is not necessary to address its duty to Arkansas rice farmers.  However, the

Arkansas Supreme Court has indicated that a fiduciary duty can be inferred from past dealings.[23]

Therefore, if Plaintiffs can show that Arkansas rice farmers consistently relied on Riceland, then

a duty may be created.


### B.  Recovery for Economic Loss

---

[20]*Id.*

[21]*Walmart Stores, Inc. v. Coughlin*, No. CV-2005-1342, 2007 WL 10981762 (Ark. April 12, 2007); see also *Smith v. Elder*, 849 S.W. 2d 513, 517 (Ark. 1993) (holding that partners in a limited partnership have a duty to disclose) (emphasis added).

[22]*Seeco, Inc.*, v. Hales, 22 S.W. 3d 157, 172 (Ark. 2000) (citing *Donaldson v. Johnson*, 359 S.W.2d 810 ( Ark. 1962)); *Marsh v. Nat'l Bank of Commerce*, 822 S.W.2d 404 (Ark. App. 1992).

[23]*Archer-Daniels Midland Co. v. Beadles Enterprises*, 367 Ark. 1, 4, __S.W.3d __ (2006) (affirming a circuit courts finding that a special relationship arose between hog farmer and feed supplier based on past dealings).

Bayer contends that Plaintiffs cannot recover tort damages for economic loss alone. Under Arkansas law, economic loss without other damage, can be awarded in cases where negligence, misrepresentation, and fraud are alleged.[24]  The Arkansas Supreme Court adopted the view espoused by Justice Francis in *Santor v. A. And M. Karagheusian, Inc.*[25]  Justice Francis departed from the majority view and held that a defendant should pay for all damages caused by a product defect, not just damages for personal injury and property loss.[26]

Moreover, since there is a legitimate basis from which a confidential relationship could be inferred, damages for economic losses caused by an alleged failure to disclose are available.[27]

Bayer introduces some evidence that Riceland did not know about the rice contamination until July 2006, and argues that it has presented enough evidence to absolve Riceland of liability.

### C.  Evidence of Riceland's Knowledge

I am required to resolve all doubts about federal jurisdiction in favor of remand.[28]  This includes fact disputes concerning when and how much Riceland knew.

---

[24]*Berkeley Pump Company v. Reed-Joseph Land Company*, 279 Ark. 384, 391 (1983) (rejecting the argument that the economic loss doctrine should be applied in Arkansas).

[25]*Id*. citing *Santor v. A. and M. Karagheusian*, 207 A.2d 305, 309 (N.J. 1965) (upholding the recovery of economic loss by a consumer against the manufacturer of a defective rug)).

[26]*Blagg v. Fred Hunt Co.*, *Inc*., 272 Ark. 185, 190 (1981).

[27]See Restatement (Second) Torts § 549 (1977) (stating that "the recipient of a fraudulent misrepresentation is entitled to recover damages in an action of deceit . . . for the pecuniary loss to him of which the misrepresentation is a legal cause . . .").

[28]*In re Business Men's Assurance Co. of America*, 992 F.2d at 182.

Riceland offers no evidence on its own behalf.   In support of its motion, Bayer offers unsworn and uncorroborated statements[29] from Riceland executives that the corporation did not know about 601 rice contamination until July 2006.   Riceland's Answer[30] consists of a general denial, but does not make specific allegations concerning what it knew, or suspected about the contamination.   Resolving all doubts in favor of remand -- Bayer did not present enough evidence to establish Riceland's freedom from liability.

## IV.  Conclusion

In view of the above, there is a reasonable basis for concluding that liability might be imposed on Riceland under state law.[31]   Plaintiffs' motion (Doc. No. 7) is GRANTED.   Plaintiffs request for costs and fees (Doc. No. 7) is DENIED.   Defendant's Motion to File Remand-Related Jurisdictional Discovery (Doc. No. 12) is DENIED as moot.   This case is remanded to the Lonoke Circuit Court in Arkansas.

IT IS SO ORDERED this 9th day of October, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[29]Doc. No. 13.

[30]Doc. No. 3.

[31]*Filla.*, 336 F.3d at 811.

8